UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**ALEKSEI VLADIMIROVICH BASHKIROV** )
   26 Zoologicheskaya, Building 1, Apartment )
   25, 123056, Moscow, Russia; )
)
**WCP MANAGEMENT COMPANY LTD** )
   201, 11, Al Sarab Tower )
   ADGM Square, Al Maryah Island )
   Abu Dhabi, United Arab Emirates; )
) Case No. _____
**HEADEY INVESTMENTS LIMITED** )
   Dimokritou 15, Panaretos Eliana Complex )
   Flat 104, Potamos Germasogeias 4041 )
   Limassol, Cyprus; )
)
**WALDAU INVESTMENTS LIMITED** )
   Arch. Makariou III, 276 Lara Court, )
   Limassol 3105, Cyprus; )
)
**LIMITED LIABILITY COMPANY** )
**TRANSLINEINVEST** )
   17 Bolshoy Levshinskiy Lane, Room II )
   Moscow, Russia, 119034; )
)
**ALAYNE INVESTMENTS LIMITED** )
   Dimokritou 15, Panaretos Eliana Complex )
   Flat 104, Potamos Germasogeias )
   4041 Limassol, Cyprus; )
)
**IRONHILL HOLDINGS LIMITED** )
   Dimokritou 15, Panaretos Eliana Complex )
   Flat 104, Potamos Germasogeias )
   4041 Limassol, Cyprus; )
)
**MASTERSKILL INVESTMENTS LIMITED** )
   Dimokritou 15, Panaretos Eliana Complex )
   Flat 104, Potamos Germasogeias )
   4041 Limassol, Cyprus; )
)
)

|  |  |
|---|---|
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF STATE** | ) |
|     The Executive Office | ) |
|     Office of the Legal Advisor | ) |
|     Suite 5.600, 600 19th Street NW | ) |
|     Washington, D.C. 20522-0000; | ) |
|  | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **STATE, OFFICE OF ECONOMIC** | ) |
| **SANCTIONS POLICY AND** | ) |
| **IMPLEMENTATION** | ) |
|     The Executive Office, | ) |
|     Office of the Legal Advisor, | ) |
|     Suite 5.600, 600 19th Street, NW, | ) |
|     Washington, D.C. 20522-0000; | ) |
|  | ) |
|  | ) |
| *Defendants.* | ) |
|  | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

Petitioners WCP Management Company Ltd, Headey Investments Limited, Waldau Investments Limited, Limited Liability Company Translineinvest, Alayne Investments Limited, Ironhill Holdings Limited, and Masterskill Investments Limited (collectively, the "Companies"), and their owner, Aleksei Vladimirovich Bashkirov ("Mr. Bashkirov," and collectively with the Companies, the "Plaintiffs"), bring this complaint for injunctive relief against the United States Department of State and the United States Department of State's Office of Economic Sanctions Policy and Implementation (collectively, the "Defendants"). In support of this complaint, Plaintiffs, by and through undersigned counsel, allege as follows:

**INTRODUCTION**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking injunctive and other appropriate relief to compel the disclosure and release of agency records wrongfully withheld from the Plaintiffs by the Defendants.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Additionally, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3.      Venue is proper in the District of Columbia, as this is the district where the events giving rise to the Complaint occurred and where the Defendants reside. *See* 28 U.S.C. §§ 1391 (b) and (e). Venue also lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**THE PARTIES**

4.      Plaintiff WCP Management Company Ltd was an investment company established in 2022 in the United Arab Emirates, with a registered address at 201, 11, Al Sarab Tower, ADGM Square, Al Maryah Island, Abu Dhabi, United Arab Emirates. The company was dissolved on December 12, 2023.

5.      Plaintiff Headey Investments Limited is a holding company registered in Cyprus on December 31, 2014, with registration number HE 339642 and a registered address at Dimokritou 15, Panaretos Eliana Complex, Flat 104, Potamos Germasogeias 4041, Limassol, Cyprus. Its primary function is to hold and manage investments.

6.      Plaintiff Waldau Investments Limited is a holding company registered in Cyprus on September 20, 2018, with registration number HE 388890 and a registered address at Arch.

Makariou III, 276 Lara Court, Limassol 3105, Cyprus. Its primary function is to hold and manage investments.

7. Plaintiff Limited Liability Company Translineinvest is a Moscow-based entity registered on March 30, 2015, with registration number 1157746279316 and a registered address at 17 Bolshoy Levshinskiy Lane, Room II, Moscow, Russia, 119034. Its primary function is to hold and manage investments.

8. Plaintiff Alayne Investments Limited is a holding company registered in Cyprus on March 13, 2015, with registration number HE 341514 and a registered address at Dimokritou 15, Panaretos Eliana Complex, Flat 104, Potamos Germasogeias, 4041 Limassol, Cyprus. Its primary function is to hold and manage investments.

9. Plaintiff Ironhill Holdings Limited is a holding company registered in Cyprus on March 20, 2014, with registration number HE 330753 and a registered address at Dimokritou 15, Panaretos Eliana Complex, Flat 104, Potamos Germasogeias, 4041 Limassol, Cyprus. Its primary function is to hold and manage investments.

10. Plaintiff Masterskill Investments Limited is a holding company registered in Cyprus on April 7, 2016, with registration number HE 354317 and a registered address at Dimokritou 15, Panaretos Eliana Complex, Flat 104, Potamos Germasogeias, 4041 Limassol, Cyprus. Its primary function is to hold and manage investments.

11. Plaintiff Aleksei Vladimirovich Bashkirov, a natural person, is a Russian citizen who resides in Russia.

12. Defendant, the United States Department of State (the "Department of State") is a cabinet-level governmental department led by the Secretary of State, that manages the United States' relationship with foreign governments, international organizations, and the people of other countries. It is located at 2201 C. Street, NW, Washington, D.C. 20520.

13. Defendant, the United States Department of the State's Office of Economic Sanctions Policy and Implementation ("SPI") is a component of the Department of State. It is located at 2201 C St., NW, Suite 4657, Washington, D.C. 20520.

14. The Defendants are part of the Executive Branch of the United States Government and agencies within the meaning of 5 U.S.C. § 552(f)(1).

### FACTUAL ALLEGATIONS

15. On October 30, 2024, Plaintiffs, by and through undersigned counsel, submitted a FOIA request to the Defendants under the provisions of 5 U.S.C. § 552 and 22 C.F.R. Part 171, seeking any and all non-exempt records, forms, lists, notes, correspondence, messages, reports, memoranda, security assessments, and other documents or materials, including photographic, electronic, computer-generated, and recorded ones, relating to the Plaintiffs' designation to the Specially Designated Nationals and Blocked Persons List (the "SDN List") by the Department of State (the "FOIA Request").

16. The SDN List is maintained by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC").

17. On that same day, October 30, 2024, Plaintiffs, by and through undersigned counsel, received an email from the Department of State's FOIA Office stating that the FOIA request had been filed and assigned Case No. F-2025-02678.

18. On November 18, 2024, Plaintiffs, by and through undersigned counsel, received an email from the Department of State's FOIA Office stating that it would not be able to respond within the 20 days provided by the statute due to "unusual circumstances."

19. On December 13, 2024, Plaintiffs, by and through undersigned counsel, sent an email to OFAC requesting the agency to provide a "courtesy document" outlining the

unclassified basis for their designation, as outlined in a new State Department policy to issue such a courtesy document upon request (the "Courtesy Document").[1]

20. The Courtesy Document is a summary provided by the Department of State upon request, outlining the unclassified basis for a party's designation on the SDN List to assist with understanding the designation and potential delisting procedures.

21. On December 13, 2024, Plaintiffs, by and through undersigned counsel, received a response from OFAC, copying the Department of State, stating that the designation was made under the authority of the Department of State and that, therefore, the Department of State would provide the Courtesy Document.

22. On December 16, 2024, the Department of State informed Plaintiffs, by and through undersigned counsel, that it was reviewing Plaintiffs' Courtesy Document request.

23. On December 16, 2024, Plaintiffs, by and through undersigned counsel, sent an email to the Department of State requesting a status update on the FOIA Request.

24. On December 16, 2024, the Department of State informed Plaintiffs, by and through undersigned counsel, that the estimated completion date for the FOIA Request is June 30, 2026, which is approximately one year and eight months from the submission of the FOIA Request.

25. On December 17, 2024, Plaintiffs, by and through undersigned counsel, contacted the Department of State via email and asked whether an estimated completion date could be provided for the Courtesy Document.

26. On December 17, 2024, the Department of State responded to Plaintiffs, by and through undersigned counsel, stating that the request for the Courtesy Document was under

---

[1] Learn More About the Department of State's Delisting Process (Answer to Question 9), U.S. DEP'T OF STATE, available at: https://www.state.gov/sanctions-delisting/.

review but that it was not in a position to provide a time estimate for the completion of the administrative record.

27.     On December 27, 2024, Plaintiffs, by and through undersigned counsel, sent a follow-up email to the Department of State requesting the production of the Courtesy Document no later than January 6, 2025, and the FOIA Request no later than January 28, 2025.

28.     On January 3, 2025, the Department of State responded to the follow-up email, once again reiterating that Plaintiffs' request for the Courtesy Document was under review and that the Department of State was not in a position to provide a time estimate for the completion of the record.

29.     Plaintiffs intended to file a delisting petition with the Department of State seeking their removal from the SDN List after receiving the administrative record through the FOIA Request and the unclassified basis for their designation provided in the Courtesy Document.

30.     Given the extended timeline for the FOIA Request and the lack of clarity on when they would receive the Courtesy Documents, Plaintiffs filed a delisting petition on January 31, 2025, effectively challenging only the basis for their designation as stated in the Department of State's fact sheet announcing their designation, while being unable to contest any other undisclosed or non-public grounds.[2]

---

[2] *See* Fact Sheet, Further Curbing Russia's Efforts to Evade Sanctions and Perpetuate its War against Ukraine, U.S. DEP'T OF STATE (Apr. 12, 2023), available at: https://web.archive.org/web/20240319201955/https://www.state.gov/further-curbing-russias-efforts-to-evade-sanctions-and-perpetuate-its-war-against-ukraine-2/ (The Fact Sheet was removed from the Department of State's website and is no longer available. The URL provided is the archived version retrieved from the Internet Archive's Wayback Machine.)

31. Under 5 U.S.C. § 552(a)(6)(A)(i) and 22 C.F.R. § 171.12(c), agencies have twenty (20) working days to respond to a FOIA request. Because Plaintiffs submitted their FOIA Request on October 30, 2024, the initial deadline for a response was November 29, 2024.

32. Consistent with 5 U.S.C. § 552(a)(6)(B) and 31 C.F.R. § 171.12(c), federal agencies may, whenever the statutory time limit for processing a FOIA request cannot be met due to "unusual circumstances," request a 10-day extension. Defendants made this request on November 18, 2024, effectively extending the deadline to respond to the FOIA Request to December 13, 2024.

33. More than 61 working days have passed since the new deadline of December 13, 2024, for responding to the FOIA Request expired.

34. As of the filing of this complaint, Plaintiffs have not received documents responsive to their FOIA Request from the Defendants.

## CLAIMS FOR RELIEF

### COUNT I

FAILURE OF THE U.S. DEPARTMENT OF STATE AND ITS OFFICE OF ECONOMIC SANCTIONS POLICY AND IMPLEMENTATION TO RESPOND TIMELY TO PLAINTIFFS' REQUEST UNDER THE FREEDOM OF INFORMATION ACT

35. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

36. By and through their October 30, 2024 submission, Plaintiffs requested that Defendants produce records under FOIA.

37. Defendants have failed to timely respond to Plaintiffs FOIA Request in accordance with the statutory timeline prescribed under 5 U.S.C. § 552(a)(6)(A)(i) and 22 C.F.R. § 171.12(c) and are wrongfully withholding the requested documents from Plaintiffs.

38. As such, Plaintiffs seek to compel the production of documents sought in their FOIA Request.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants to disclose the requested records in their entirety and make copies available to Plaintiffs;

B. Order Defendants to produce *Vaughn* indices for any documents withheld fully or in part;

C. Award Plaintiffs attorneys' costs and reasonable attorneys' fees incurred in this action per 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d); and

D. Grant such other relief as this Court may deem just and proper.

Dated:   February 12, 2025

Respectfully submitted,

STEPTOE LLP

_____

Jason D. Wright
DC Bar #1029983
1114 Avenue of the Americas
New York, NY 10036
Tel: +1 212-508-8844
E-mail: jwright@steptoe.com

*Counsel for Plaintiffs*